UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CONSOLIDATED CASE
No. 7:16-CV-23-BO

| | |
|---|---|
| BATE LAND COMPANY, LP, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>BATE LAND & TIMBER, LLC, )<br>)<br>Appellee. ) | O R D E R |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

This cause comes before the Court on Bate Land Company's motion to stay the order of the bankruptcy court pending appeal. A hearing was held on the motion before the undersigned on June 15, 2016, at Elizabeth City, North Carolina. For the reasons discussed below, the motion to stay [DE 29] is denied.

## BACKGROUND

In 2006, Bate Land & Timber, debtor, and Bate Land Company (BLC) executed an agreement for purchase and sale of non-residential real property under which debtor purchased seventy-nine tracts of real property totaling roughly 17,000 acres in nine counties in eastern North Carolina for $65,000,000. Debtor was required to pay $9,000,000 of the purchase price at the closing, and thereafter debtor executed a purchase money promissory note in the original principal amount of $56,000,000 with interest accruing at the rate of 9% per annum. The note was secured by a purchase money deed of trust encumbering the property.

Debtor voluntarily filed for Chapter 11 reorganization in July 2013. After a series of orders regarding the reorganization plan and its provisions, the bankruptcy court on February 3, 2016, entered its confirmation order approving of the final Chapter 11 plan. Prior to entry of the confirmation order, BLC had appealed four separate orders of the bankruptcy court related to the Chapter 11 proceedings and plan formation. Upon BLC's appeal of the final confirmation order, this Court consolidated each of the five pending appeals into this case by order entered February 18, 2016.

BLC first requested a stay of the confirmation order from the bankruptcy court, which was denied by oral order on March 29, 2016, and by written order entered April 14, 2016. BLC now seeks a stay of the confirmation order from this Court. BLC contends that a stay of the effectiveness of the Chapter 11 plan is the only way to ensure that it, as debtor's largest secured creditor, is adequately protected in the event that it is successful in any of its appeals of the bankruptcy court's orders.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 8007 provides that a party may seek a stay of a judgment, order, or decree of the bankruptcy court pending appeal. Fed. R. Bank. P. 8007(a)(1)(A). A party must generally seek a stay from the bankruptcy court prior to seeking a stay in this Court. *Id.* at (a)(1). "[A] party seeking a stay [in the district court] must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). Because the standards are similar, courts in this circuit have also applied the standard for granting a preliminary injunction when assessing the merits of a motion to stay

pending appeal. *See, e.g., Coler v. Draper*, CIV. WDQ-12-2020, 2012 WL 5267436, at *3 (D. Md. Oct. 23, 2012) ("In the Fourth Circuit, the standard for a stay pending appeal of a bankruptcy court's decision is that for a preliminary injunction."). Although the standard for obtaining a preliminary injunction is now more stringent than the *Long* requirements, *see Rose v. Logan*, BR 12-25471-RAG, 2014 WL 3616380, at *1 (D. Md. July 21, 2014) (discussing *Long* and preliminary injunction standard as modified in *Real Truth About Obama, Inc. v. FTC*, 575 F.3d 342 (4th Cir. 2009) (vacated on other grounds, 559 U.S. 1089 (2010)), the Court follows the holding in *CWCapital Asset Mgt., LLC v. Burcam Capital II, LLC*, 5:13-CV-278-F, 2013 WL 3288092, at *2 (E.D.N.C. June 28, 2013) (*Burcam*) and applies the preliminary injunction standard in deciding the instant motion. Thus, in order to find that a stay of the bankruptcy court's order is warranted pending appeal, BLC must demonstrate *each* of the following four factors: likelihood of success on the merits, irreparable harm in the absence of relief, the balance of equities tip in its favor, and a stay is in the public interest. *Real Truth*, 575 F.3d at 346.

A. LIKELIHOOD OF SUCCESS ON THE MERITS

In order to demonstrate likelihood of success on the merits, BLC must demonstrate that, at bottom, the bankruptcy court's findings of fact were clearly erroneous and the Chapter 11 confirmation plan should not be affirmed. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). BLC has appealed five orders of the bankruptcy court and has identified seven issues on appeal in this case. BLC first takes issue with whether the Chapter 11 plan was proposed in good faith and complied with 11 U.S.C. § 1129(a) and whether the bankruptcy court correctly found that under 11 U.S.C. § 1129(b) the surrender of property along with a cash component would constitute the indubitable equivalent of BLC's secured claim such that the plan was fair and equitable. BLC

3

further takes issue with the bankruptcy court's findings concerning interest and the elimination of its right to credit bid.

BLC has not demonstrated a likelihood of success on the merits as to any of its issues on appeal. BLC's citation of error as to the bankruptcy court's findings regarding the valuation of the properties, indubitable equivalence, and good faith under § 1129(a) either involve exclusively or rely heavily on findings of fact made by the bankruptcy court. As recognized by both BLC and debtor, this Court reviews the bankruptcy court's factual findings for clear error. "Under this standard, [the Court] will not reverse a bankruptcy court's factual finding that is supported by the evidence unless that finding is clearly wrong." *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014). For the purposes of this motion, the Court cannot say that the bankruptcy court's findings appear to have been clearly wrong.

BLC's merits arguments regarding the amount of the award of post-petition interest and its additional argument that the plan failed to provide BLC with its right to credit bid for its collateral in the event of a sale further do not appear to be meritorious. First, the bankruptcy court did award post-petition interest to BLC pursuant to 11 U.S.C. § 506(b), although it exercised its authority to reduce the amount of interest in light of the equities of the case. This was not contrary to law, and the bankruptcy court's decision to do so will be reviewed under another deferential standard for abuse of discretion. *See Matter of Lapiana*, 909 F.2d 221, 223 (7th Cir. 1990). Second, BLC's argument related to its right to credit bid under *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2070 (2012), is unlikely to succeed because it was not an argument made to the bankruptcy court. *See In re Lane*, 991 F.2d 105, 107 (4th Cir. 1993) (failure to raise issue before bankruptcy court constitutes waiver of issue on appeal).

4

The Chapter 11 reorganization plan appears founded on extensive consideration of the evidence and issues presented to the bankruptcy court and is currently providing beneficial results for BLC among other creditors. Because BLC has failed to demonstrate a likelihood of success on appeal, the Court need not consider the remaining factors. Further, even had the Court applied the *Long* standard to BLC's motion, it finds that the absence of likelihood of success in this instance weighs heavily enough such that consideration of the remaining factors would not tip the balance in favor of a stay.

## CONCLUSION

For these reasons, the Court in its discretion DENIES appellant's motion to stay pending appeal. [DE 29].

SO ORDERED, this the 27 day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE