UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CONSOLIDATED CASE
No. 7:16-CV-23-BO

| | | |
|---|---|---|
| BATE LAND COMPANY, LP, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BATE LAND & TIMBER, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

This consolidated action comes before the Court on Bate Land & Timber's motion to dismiss the appeal as equitably moot. The motion has been fully briefed and is ripe for ruling. Also ripe for ruling are Bate Land Company's appeals of orders of the bankruptcy court. For the reasons discussed below, the motion to dismiss is [DE 29] is granted and the appeals are hereby dismissed.

BACKGROUND

In 2006, Bate Land & Timber (BLT), debtor, and Bate Land Company (BLC) executed an agreement for purchase and sale of non-residential real property under which BLT purchased seventy-nine tracts of real property totaling roughly 17,000 acres in nine counties in eastern North Carolina for $65,000,000. BLT paid $9,000,000 of the purchase price at closing and thereafter executed a purchase money promissory note in the original principal amount of

$56,000,000 with interest accruing at the rate of 9% per annum. The note was secured by a purchase money deed of trust encumbering the property.

BLT voluntarily filed for Chapter 11 reorganization in July 2013. After a series of orders regarding the reorganization plan and its provisions, the bankruptcy court on February 3, 2016, entered its confirmation order approving the final Chapter 11 plan. Prior to entry of the confirmation order, BLC had appealed four separate orders of the bankruptcy court related to the Chapter 11 proceedings and plan formation. Upon BLC's appeal of the final confirmation order, this Court consolidated each of the five pending appeals into this case by order entered February 18, 2016.

The confirmed Chapter 11 plan designates BLC as an impaired class with a secured claim in an amount equal to the outstanding principal and interest due as of the petition date, plus costs and expenses approved by the bankruptcy court, and less, if any, post-petition payments. Eight properties totaling approximately 1,538 acres primarily located in Pamlico County were selected to be deeded to BLC in satisfaction of its claim in the amount of $12,924,417.87. The bankruptcy court determined that the value of the eight subject properties plus an additional cash component of $1,002,079.49 would enable BLC to realize the indubitable equivalence of its claim. The plan further provides that BLC shall be paid fifty-percent of the gross proceeds due to BLT from the sale of timber which is harvested by BLT on remaining properties. [DE 1-1 at 9, 10].

On June 28, 2016, this Court after hearing arguments denied BLC's motion to stay the order of the bankruptcy court pending appeal. [DE 51]. BLT has moved to dismiss, arguing that the appeal has been rendered equitably moot. On August 26, 2016, BLT filed a supplemental motion to dismiss, providing additional bases in support of its equitable mootness argument. On

2

August 31, 2016, BLC filed an emergency motion for relief from order under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief in the form of elimination of BLC's requirement to satisfy its deeds of trust pending a resolution of its appeal of the bankruptcy court orders on the merits.

## DISCUSSION

"Within the context of a bankruptcy proceeding, a court may dismiss an appeal as equitably moot when it becomes impractical and imprudent to upset the plan of reorganization at this late date." *In re U.S. Airways Grp., Inc.*, 369 F.3d 806, 809 (4th Cir. 2004) (internal quotation and citation omitted). In determining whether to dismiss an appeal under the equitable mootness doctrine, courts consider:

> (1) whether the appellant sought and obtained a stay; (2) whether the reorganization plan or other equitable relief ordered has been substantially consummated; (3) the extent to which the relief requested on appeal would affect the success of the reorganization plan or other equitable relief granted; and (4) the extent to which the relief requested on appeal would affect the interests of third parties.

*Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002).

Here, BLC sought a stay of the Chapter 11 confirmation order from both the bankruptcy court and this Court but did not receive a stay from either. The stay sought from this Court was denied due to BLC's unlikelihood of success on appeal. [DE 51]. BLC did not, to the Court's knowledge, seek review of this Court's denial of a stay in the court of appeals, and thus this factor weighs in favor of a finding of equitable mootness. *See In re Pub. Serv. Co. of New Hampshire*, 963 F.2d 469, 472 (1st Cir. 1992) (failure to pursue all available remedies to obtain stay of execution of confirmation order, including appellate or mandamus relief, weighs in favor of mootness).

3

As to the second factor, the reorganization plan in this instance has been substantially consummated. The bankruptcy code provides that a confirmed plan has been substantially consummated where the following has occurred: transfer of all or substantially all of the property proposed by the plan, assumption by debtor or its successor of the business or substantially all of the property dealt with by the plan, and distribution having commenced under the plan. 11 U.S.C. § 1101(2). As of the filing of the motion to dismiss in June 2016, the deeds from the eight properties identified by the confirmation order had been transferred to BLC, ad valorem taxes owed on the transferred properties had been paid, and more than ninety percent of the total of all claims had been paid and satisfied. [DE 46 at 11]. As of August 15, 2016, BLT had paid to BLC funds representing the balance of BLC's claim after the earlier payments and transfers of property. [DE 54-1]. BLT has also made significant payments to its other creditors with approved claims as well as other monies owed. [DE 52-1].

Even if substantial consummation of the plan would be an insufficient basis alone upon which to dismiss the appeal, *Behrmann v. Nat'l Heritage Found.*, 663 F.3d 704, 713 (4th Cir. 2011), the remaining two factors further weigh in favor of dismissal. Although the Court has already found that BLC is unlikely to succeed on its claims on appeal, the effect of a contrary finding at this stage would plainly have a detrimental effect on the success of the reorganization plan as well as on third parties. Indeed, as noted by BLT, BLT has assumed the management of the property subject to the confirmation plan by entering into contracts for the sale of land and timber. Timber has been harvested and proceeds from timber sales have been distributed to BLC as well as other classes of creditors. Sale of a tract of land to the to the North Carolina Coastal Land Trust to establish a buffer around Marine Corps Air Station at Cherry Point closed on August 12, 2016, and substantially all of the property which was subject to BLC's lien has been

4

sold. Were the Court to determine now that the confirmed plan did not provide BLC with the indubitable equivalent of its secured claim, remedial measures would cause other creditors and innocent third parties harm. *See In re Blumer*, 66 B.R. 109, 113 (B.A.P. 9th Cir. 1986) ("Under general mootness principles, the lack of a stay may render an appeal moot if it becomes impossible to fashion effective relief. Effective relief is impossible if funds have been disbursed to persons who are not parties to the appeal . . ..").[1]

BLT has adequately demonstrated that the relief requested by BLC would impede its ability to complete reorganization and emerge from bankruptcy as a successful entity and would be harmful to third parties. *Cf. Behrmann*, 663 F.3d at 713-14 (dismissal *not* appropriate where debtor had failed to demonstrate or even argue how relief requested by appellant would impact success of confirmed plan or affect third-party interests). Accordingly, the balance of the factors weighs heavily in favor of dismissal of BLC's appeal as equitably moot. Review of the bankruptcy's court's judgment at this point would prove to be impractical, imprudent, and thus inequitable. *Mac Panel*, 283 F.3d at 625.

---

[1] Further, BLT has not argued here that BLC's interests would be protected absent a stay in light of additional properties or funds which could be used to satisfy its claim. *See SunTrust Bank v. Bannerman Holdings, LLC (In re Bannerman Holdings, LLC)*, No. 7:11-CV-00009-H, 2011 U.S. Dist. LEXIS 153502, at *7 (E.D.N.C. Sep. 30, 2011). On the contrary, BLT opposed BLC's motion to stay on the same basis which it argues here, namely that the appeal has been rendered equitably moot in light of, *inter alia*, substantial consummation of the confirmed plan.

## CONCLUSION

For these reasons, the appellee's motions to dismiss the appeal as moot [DE 46 & 52] are GRANTED. The underlying appeal is hereby DISMISSED. The remaining motions [DE 40, 42, 53] are DENIED AS MOOT. The Clerk of Court is DIRECTED to enter this order in each of the consolidated cases and to close the files.

SO ORDERED, this the 6 day of September, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE