UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CONSOLIDATED CASE
No. 7:16-CV-23-BO

| | |
|---|---|
| BATE LAND COMPANY, LP, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>BATE LAND & TIMBER, LLC, )<br>)<br>Appellee. ) | ORDER |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

This cause comes before the Court on appellant's emergency motion for injunctive relief and to stay pending appeal to the court of appeals orders of the bankruptcy court as well as this Court's dismissal of appellant's bankruptcy appeal as equitably moot.

## BACKGROUND

The factual and procedural background of this matter are fully set forth in the Court's orders denying appellant's previous motion for stay [DE 51] and dismissing the appeal as equitably moot. [DE 55]. Appellant, Bate Land Company (BLC) noticed its appeal of this Court's dismissal order on September 9, 2016, and the same day filed the instant motion for emergency injunctive relief and stay. BLC further requested that, in light of the time-sensitive nature of its motion, appellee Bate Land & Timber (BLT) be required to file its opposition not later than September 12, 2016. An order was entered allowing BLC's request to shorten the

response time, and BLT has filed its response. BLC argues that emergency injunctive relief and a stay is necessary to preserve its ability to obtain meaningful review in the court of appeals.

DISCUSSION

Rule 8 of the Federal Rules of Appellate Procedure provides that a party must ordinarily first request a stay of judgment or order in the district court before asking the court of appeals to entertain a stay. Fed. R. App. P. 8(a)(1)(a). The standard for consideration of a motion to stay pending appeal is substantially similar to the standard governing a request for preliminary injunction. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Thus, the Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). It is the first two factors which are the most critical to the inquiry. *Nken*, 556 U.S. at 434.

Applying similar factors, *see CWCapital Asset Mgt., LLC v. Burcam Capital II, LLC*, 5:13-CV-278-F, 2013 WL 3288092, at *2 (E.D.N.C. June 28, 2013), the Court previously denied BLC's motion for stay of the bankruptcy court's order pending appeal in this Court because BLC had not demonstrated a likelihood of success on appeal. BLC's current emergency motion for injunctive relief and stay fails to convince the Court either that its earlier ruling was in error or that circumstances have changed such that a stay is warranted. The arguments proffered by BLC in support of the motion to stay as they relate to this Court's order on equitable mootness are the same arguments which the Court considered in deciding BLT's motion to dismiss. BLC has again not demonstrated a likelihood of success on appeal.

2

BLC's strongest argument in favor of stay is that its interests will be irreparably harmed if, on September 14, 2016, it is required to execute certificates of satisfaction of deeds of trust on property held by BLT. To that end, BLC seeks as relief from this Court an order enjoining BLT from enforcing and staying the effectiveness of this Court's order and judgment as well as the bankruptcy court's confirmation order and associated orders, including a consent order entered by the bankruptcy court on August 26, 2016. [DE 59 at 29]. The consent order provides that the parties agree that BLC made its demand to BLC to cancel deeds of trust on August 15, 2016, and that certificates of satisfaction will be fully executed by BLC and delivered to BLT for recording within the time required by law or order of the bankruptcy court. *Id.* This order was consented and agreed to by counsel for BLC as well as counsel for BLT. *Id.*

As it was with BLC's consent that the September 14, 2016, timeframe arose, the Court does not find that this factor weighs in favor of BLC's request for emergency relief. The first two critical factors thus do not weigh in favor of a stay.

Nor do the remaining factors favor a stay. The opposing party, BLT, will suffer harm if prevented from both consummating what provisions remain of the Chapter 11 reorganization plan and reentering the market as a business. Further, there is a public interest in effectuating "[o]ne of the primary goals of the bankruptcy laws," which "is to provide the rehabilitated debtor emerging from the bankruptcy process with a fresh start." *In re Butcher*, 189 B.R. 357, 372 (Bankr. D. Md. 1995) (internal quotation and citation omitted).

## CONCLUSION

Accordingly, BLC's emergency motion for injunctive relief and stay pending appeal [DE 58] is DENIED.

SO ORDERED, this the 13 day of September, 2016.

                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE